IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LATORIA MARSHA MCGUIRE,** <br> **AIS # 292820,** <br> <br> Plaintiff, <br> <br> v. <br> <br> **KATRINA BROWN, WARDEN, et al.,** <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:24-cv-381-MHT-CSC <br> ) <br> ) <br> ) <br> ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, who is inmate confined at the Tutwiler Prison for Women, filed the instant 42 U.S.C. § 1983 action on July 1, 2024. Doc. 1. Plaintiff did not submit the $350 filing fee or $55 administrative fee upon the initiation of this case, nor did she file an application seeking leave to proceed *in forma pauperis* before this court. By Order of July 2, 2024, the Plaintiff was advised that failure to file the fee or an application seeking leave to proceed *in forma pauperis* and the accompanying account information would result in a Recommendation that this case be dismissed. Doc. 2 at p. 2.

As of the present date, Plaintiff has not provided the court with the fee or an application. The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot properly proceed absent Plaintiff's participation in the proceedings. Under the circumstances of this case, the undersigned finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned

dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file the filing fee or an application seeking leave to proceed *in forma pauperis* and the accompanying account information in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

On or before **September 3, 2024,** Plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact

[and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**Done** this 20th day of August, 2024.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE